

# In the
# Court of Appeals
# Sixth Appellate District of Texas at Texarkana

___

No. 06-25-00063-CR

___

KATIE LYNN MAYNARD, Appellant

V.

THE STATE OF TEXAS, Appellee

___

On Appeal from the 8th District Court
Hopkins County, Texas
Trial Court No. 1424008

___

Before Stevens, C.J., van Cleef and Rambin, JJ.
Memorandum Opinion by Justice van Cleef

## MEMORANDUM OPINION

Katie Lynn Maynard pled guilty to recklessly causing serious injury to a child, a second-degree felony. *See* TEX. PENAL CODE ANN. § 22.04 (Supp.). Pursuant to a plea agreement with the State, Maynard was sentenced to ten years' imprisonment, but the sentence was suspended in favor of placing her on community supervision for ten years. The State alleged that Maynard violated the terms and conditions of her community supervision by committing the Nevada offense of child abuse and neglect and moved to revoke her community supervision. Maynard pled true to the State's allegation, and as a result, the trial court revoked her community supervision and imposed the originally assessed, ten-year sentence. Maynard appeals.

Maynard's attorney filed a brief stating that she reviewed the record and found no genuinely arguable issues that could be raised on appeal. The brief sets out the procedural history of the case and summarizes the evidence elicited during the trial court proceedings. Since counsel provided a professional evaluation of the record demonstrating why there are no arguable grounds to be advanced, that evaluation meets the requirements of *Anders v. California*. *Anders v. California*, 386 U.S. 738, 743–44 (1967); *In re Schulman*, 252 S.W.3d 403, 406 (Tex. Crim. App. 2008) (orig. proceeding); *Stafford v. State*, 813 S.W.2d 503, 509–10 (Tex. Crim. App. 1991); *High v. State*, 573 S.W.2d 807, 812–13 (Tex. Crim. App. [Panel Op.] 1978). Counsel also filed a motion with this Court seeking to withdraw as counsel in this appeal.

On August 20, 2025, counsel mailed to Maynard copies of the brief, the motion to withdraw, and the appellate record. Maynard was informed of her rights to review the record and file a pro se response. We received Maynard's pro se response on September 22, 2025.

2

We have reviewed the entire appellate record and Maynard's pro se response and have independently determined that no reversible error exists. *See Bledsoe v. State*, 178 S.W.3d 824, 826–27 (Tex. Crim. App. 2005). However, we find non-reversible error in the trial court's judgment, which mistakenly lists the statute of offense as Section 22.04(f) of the Texas Penal Code, but Subsection (f) only applies if "the victim is a disabled individual residing in a center" and "the actor is an employee of the center or facility whose employment involved providing direct care for the victim." TEX. PENAL CODE ANN. § 22.04(f). Here, the record shows that Maynard was not employed and that the injury was to a child, not a disabled individual residing in a center. In this case, the correct statute of offense is Section 22.04(e) of the Texas Penal Code, which states that recklessly causing serious bodily injury to a child is a second-degree offense. *Compare* TEX. PENAL CODE ANN. § 22.04(e) *with* § 22.04(f).

Accordingly, we modify the trial court's judgment to reflect that the proper statute of offense is Section 22.04(e), not 22.04(f). As modified, we affirm the trial court's judgment.[1]

Charles van Cleef
Justice

Date Submitted:  October 14, 2025
Date Decided:  October 28, 2025

Do Not Publish

---

[1]Since we agree that this case presents no reversible error, we also, in accordance with *Anders*, grant counsel's request to withdraw from further representation of appellant in this case. *See Anders*, 386 U.S. at 744. No substitute counsel will be appointed. Should appellant desire to seek further review of this case by the Texas Court of Criminal Appeals, appellant must either retain an attorney to file a petition for discretionary review or file a pro se petition for discretionary review. Any petition for discretionary review (1) must be filed within thirty days from either the date of this opinion or the date on which the last timely motion for rehearing was overruled by this Court, *see* TEX. R. APP. P. 68.2, (2) must be filed with the clerk of the Texas Court of Criminal Appeals, *see* TEX. R. APP. P. 68.3, and (3) should comply with the requirements of Rule 68.4 of the Texas Rules of Appellate Procedure, *see* TEX. R. APP. P. 68.4.